UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE DANIEL

    Plaintiff,

vs.

ASSET ACCEPTANCE LLC, and
MIDLAND FUNDING LLC, et al

    Defendant.
_____/

Case:2:15-cv-10956
Judge: Goldsmith, Mark A.
MJ: Majzoub, Mona K.
Filed: 03-12-2015 At 11:28 AM
CMP. DANIEL V. ASSET ACCEPTANCE LLC
ET AL (SO)

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for violation of the Fair Debt Collection Practice Act ("FDCPA") 15 U.S.C. § 1692 et seq., § 1692g(b) prohibits debt collectors from collection of the debt until the collector mails the consumer "verification of the debt."

2. For violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681 et seq., which prohibits debt collectors to use or obtain a consumers' report without a permissible purpose.

3. For Invasion of Privacy, i.e. Intrusion upon Seclusion for the unwarranted access to an individual consumer's credit report.

4. For Malicious Prosecution when filing and prosecution of a collection action, while knowing that it lacks a standing—a fact Defendants were aware of at all times.

### JURISDICTION AND VENUE

5. This a diversity action that is brought pursuant to 28 U.S.C. Section 1332 for invasion of privacy, and under Federal laws cited herein for which this Court has jurisdiction over the parties and claims.

6. Venue in this district is proper in that the Defendants transacts business here and the conduct complained of is alleged to have occurred here.

### PARTIES

7. Plaintiff, is a natural person residing at 19750 Braile, Detroit, Michigan 48219.

1

8. Defendant, Asset Acceptance LLC ("Asset") is a for profit entity and at all times relevant hereto did business as a collection agency, mailing address P.O. Box 1630, Warren, MI 48090

9. Defendant, Midland Funding, LLC ("MCM") is a for profit entity and at all times relevant hereto did business as a collection agency, mailing address 8875 Aero Drive, Suite 200, San Diego, CA 92123

## FACTUAL ALLEGATIONS

**Asset Acceptance LLC**

10. On December 21, 2012, Asset's initial letter threaten to take legal action in an attempt to collect a debt it allegedly purchased in my name, of account ending in 4927, which originated as a CitiBank credit card account.

11. On January 2, 2013, within 30 days, I faxed a letter to dispute and request debt validation. I asked for statement of **all charges** to the account adding up to the amount that you are trying to collect, including fees, penalties and interest, separated out in total, date of first delinquency with CitiBank, N.A. that led to the collection, date that you purchased the debt and proof that you have the right to collect on behalf of CitiBank, N.A., date of last payment/activity if any on the account, and full name and address of your direct contact at CitiBank, N.A.

12. Asset failed to respond with verification of the debt from the original creditor, simply ignoring the request altogether.

13. On January 4, 2014, Fulton Friedman & Gullance, LLP ("FFG") on behalf of Asset sent me a notice of collection relating to a debt Asset allegedly purchased in my name, of account number ending in 4927, which originated as a CitiBank credit card account.

14. The letter stated, "Unless you dispute the validity of this debt, or portion thereof, within thirty (30) days after receipt of this letter, we will assume that the debt is valid."

15. On January 27, 2014, within 30 days, I faxed and emailed to FFG a written request for debt validation requesting the same information I had earlier requested from Asset as stated in paragraph 11 of this Complaint.

2

16. However, FFG and/or Asset failed to obtain verification of the debt from the original creditor, essentially ignoring the request.

17. On April 29, 2013, I was sent a copy of my credit report prepared by Experian and discovered that on January 31, 2013, Asset obtain a copy of the report without my consent. *See attached hereto as Exhibit 1 is the redacted Experian inquiry section*

18. Asset obtain the Experian report as a "hard" pull lowering my credit score.

19. On May 3, 2013, Trans Union sent me a copy of my credit report and I discovered that on November 3, 2012 and on December 20, 2012, Asset obtained the reports without my consent. *See attached hereto as Exhibit 2 is the redacted Trans Union inquiry section*

20. Asset was asked on two separate occasions to provide an assignment, bill of sale, and to validate the debt. See para. 10-15 of this Complaint.

21. Asset failed to provide the original documentation of the account, its ownership, and Asset's authority to collect on it, therefore, impermissibly pulled my credit report.

22. Asset had a choice either to verify the debt or cease collection efforts.

23. Asset failed to validate the debt, however, continue its collection efforts when it pulled my credit report impermissibly.

24. Asset had no evidence of a reasonable basis to believe a permissible purpose exists. *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 822 (W.D. Ky. 2003)

25. Asset illegally obtained the reports by falsely certifying to Trans Union and Experian that it had a permissible purpose to obtain my private information constitute an unreasonably objectionable method of obtaining private subject matter about me they were not entitled to receive. *Doe v Mills*, 212 Mich App 73, 80, 88; 536 NW2d 824 (1995)

26. On February 13, 2014, Asset filed a claim against me in the 36th District Court knowing the court lack subject matter jurisdiction to entertain its lawsuit because Asset failed to validate the debt.

27. The complaint alleged it purchase the alleged debt from Citibank, but no assignment, bill of sale, or credit card agreement were attached, nor was there any explanation for its absence.

28. Asset attached to the complaint a computer generated "statement/invoice" stating how much was owed on the account that was created by Asset.

29. Asset attached to the complaint an affidavit from one of its employee that was made more than 10 days before Asset filed the Complaint was insufficient to deem as prima facie evidence to Asset's claim. *Capital One Bank v. Ringelberg*, 2005 WL 2319125, *1 (Mich. App. 2005).

30. I filed a counterclaim alleging Asset fail to cease collection of the debt until the debt collector obtains and provides verification of the debt to the consumer, and that the act of filing the lawsuit in pursuit to collect on a debt constitute violations of Section 809(b) of the FDCPA, 15 U.S.C. §1692g(b).

31. On August 8, 2014, the lower court entered an order dismissing both claims with prejudice.

32. Asset filed a lawsuit against me in its efforts to collect on the debt knowing the 36th District Court lacked jurisdiction to entertain the lawsuit—a fact Asset was aware of at all times.

33. Asset knowingly engaged the 36th District Court to enter a void order, an order issued without power to do so. *State v. Swiger*, 125 Ohio.App.3d 456, (1998)

**Midland Funding LLC**

34. On May 8, 2013, Weltman, Weinberg & Reis Co., LPA ("WWR") on behalf of Midland Funding LLC (MCM"), sent me a notice of collection in an attempt to collect a debt allegedly purchased in my name, of account ending in 1111, which originated as a Chase credit card account.

35. The notice stated, "Unless you dispute the validity of this debt, or portion thereof, within thirty (30) days after receipt of this letter, we will assume that the debt is valid."

36. On May 13, 2013, I faxed and sent emails disputing the amount owed of $2661.20, and requested debt validation pursuant to the Fair Debt Collection Practice Act ("FDCPA") 15 U.S.C. § 1692g(b) requiring debt collecting agencies to cease collection activities if the amount has been disputed until

4

the debt collector verifies the accuracy of the amount claimed. *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025 (6th Cir. 1992)

37. I asked for statement of **all charges** to the account adding up to the amount that you are trying to collect, including fees, penalties and interest, separated out in total, date of first delinquency with Chase that led to the collection, date that you purchased the debt and proof that you have the right to collect on behalf of Chase date of last payment/activity if any on the account, and full name and address of your direct contact at Chase.

38. On June 13, 2013, WWR sent a letter stating despite previous notices and demands for payment you failed to satisfy your obligation, therefore, threaten legal action.

39. On June 17, 2013, I faxed a letter in response to WWR demands stating your threats of possible legal action are in violation of the FDCPA because you fail to validate the debt.

40. On February 26, 2014, in response, WWR provided verification in the form of credit card statements that did not show all charges, debits, or credits that would permit me or a court to calculate the balance claimed to be due. *MCM Acceptance Corp. v. Proctor*, 156 Ohio App.3d 60, 2004-Ohio-623

41. On August 18, 2014, MCM filed a lawsuit against me in its efforts to collect on the debt knowing the 36th District Court lacked jurisdiction to entertain the lawsuit—a fact MCM was aware of at all times.

42. MCM knowingly engaged the 36th District Court to enter a void order, an order issued without power to do so. *State v. Swiger*, 125 Ohio.App.3d 456, (1998)

43. Plaintiff repeat re-alleges and incorporates by reference all other paragraphs herein for the following Causes of Action:

## COUNT I
## Fair Debt Collection Practice Act

44. (1) Section 809(b) of the FDCPA, 15 U.S.C. § 1692g(b), provides, *inter alia*, that if a consumer notifies a debt collector in writing, within thirty days of the consumer's receipt of the initial communication from

5

the debt collector, that the debt is disputed, the debt collector shall cease collection of the debt until the debt collector obtains and provides verification of the debt to the consumer.

45. I notified MCM within the thirty-day period described in Section 809(a) of the FDCPA, 15 U.S.C. § 1692g(a), that the debt, or a portion thereof, is disputed. MCM failed to properly verify the debt before resuming collection activity.

46. By the filing of the state lawsuit, MCM continued in its efforts to collect a debt without validating the debt after it was asked to do so violates Section 809(b) of the FDCPA, 15 U.S.C. §1692g(b) and 15 U.S.C. § 1692e(5).

## COUNT II
## Fair Credit Reporting Act

47. Asset acted knowingly or with a reckless disregard of consumer rights in requesting and obtaining Plaintiff's credit report on three separate occasions without a permissible purpose. Asset's conduct in obtaining Plaintiff's credit report without a permissible purpose violates 15 U.S.C. § 1681b(f).

## COUNT III
## Fair Credit Report Act

48. Asset acted negligent and is liable for obtaining Plaintiff's consumer report on three separate occasions without a permissible purpose violates § 1681b(f). Asset's impermissibly accessed Plaintiff's credit file causing financial and dignitary harm by injuring Plaintiff's credit rating and reputation and by violating Plaintiff's privacy.

## COUNT VI
## Intrusion upon Seclusion

49. Plaintiff has a reasonable expectation of privacy.

50. Asset intentionally intruded into Plaintiff's right to privacy ignoring the fact that their records contain no information whatsoever of a business relationship between us that would support a legitimate business need for the report.

6

51. Asset intrusions were illegal when it falsely certified to Experian and TransUnion it had a permissible purpose to obtain the report it was not entitled to receive is highly objectionable to a reasonable man.

52. Plaintiff suffered mental anguish, suspicion, and personal humiliation. Plaintiff's credit report contained highly sensitive information, such as, her social security number, addresses, credit information, and employment information she wanted to keep private.

53. Plaintiff's credit contained embarrassing derogatory credit information she wanted to keep private.

54. Asset acted with malice, fraud and/or oppression, warranting exemplary and/or punitive damages.

## COUNT V
## Malicious Prosecution

55. The elements of a Michigan action for malicious prosecution of civil proceedings are (1) the prior proceedings terminated in favor of the present plaintiff, (2) the absence of probable cause for those proceedings, (3) " 'malice,' "which is " 'a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based,'" and (4) special injury. *Friedman v. Dozorc*, 412 Mich. 1, 48; 312 NW2d 585 (1981)(citation omitted).

56. Asset and MCM filed the complaint without the means of the debt-collection action.

57. Defendants' were aware at all times that the 36th District Court lacked jurisdiction to entertain their lawsuits because Defendants failed to properly verify the debts from the original creditor.

58. Defendants' maliciously filed their lawsuits nonetheless.

59. The 36th District Court orders were null and void for lack of jurisdiction.

60. Plaintiff suffered mental anguish, stress, and loss of costs and time from having to defend the lawsuits.

WHEREFORE, Plaintiff hereby prays for the following relief on the foregoing Causes of Action against Defendants:

61. Counts I for willful violation for either knowing that their action violates the rights of Plaintiff or in reckless disregard of those rights, Defendants are liable under 15 U.S.C. § 1681n. *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2208 (2007).

7

62. For three times the report was pulled by Asset, Plaintiff seeks statutory and punitive damages totaling $50,000.

63. Court II for negligent failure to comply with any requirement of the Act, Asset is liable under 15 U.S.C. § 1681o damages for emotional distress. *Cole v. Am. Family Mut. Ins. Co.*, 410 F. Supp. 2d 1020, 1025 (D. Kan. 2006)

64. Plaintiff seeks actual damages totaling $25,000.

65. Count III for the unwarranted access to Plaintiff's credit report. *Smith v. Bob Smith Chevrolet, Inc.*, 275 F. Supp. 2d 808, 822 (W.D. Ky. 2003)

66. For three times the report was obtained illegally by Asset, Plaintiff seeks in total the amount of $1,125,000 for wanting to keep her credit information private. *Latture v. Emmerling*, Docket No. 304833 (unpublished MCOA 9-17-13)

67. Count IV for Defendants' Malicious Prosecution of filing and prosecution of a collection, while knowing the 36th District Court lack subject matter jurisdiction to entertain their lawsuit.

68. Plaintiff seeks $45,000 from each Defendant.

## JUDICIAL NOTICE

69. All officers of the court for Wayne County in the state of Michigan are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of *Haines v Kerner*, 404 U.S. 519, *Platsky v. C.I.A.* 953 F.2d. 25, and *Anastasoff v. United States*, 223 F.3d 898 (8th Cir. 2000) relying on *Willy v. Coastal Corp.*, 503 U.S. 131, 135 (1992), "*United States v. International Business Machines Corp.*, 517 U.S. 843, 856 (1996), quoting *Payne v. Tennessee*, 501 U.S. 808, 842 (1991) (Souter, J., concurring). *Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647, *American Red Cross v. Community Blood Center of the Ozarks*, 257 F.3d 859 (8th Cir. 07/25/2001).

In re Haines: pro se litigants are held to less stringent pleading standards than BAR registered attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the

8

opportunity to submit evidence in support of their claims. In re *Platsky*: court errs if court dismisses the pro se litigant without instruction of how pleadings are deficient and how to repair pleadings. In re *Anastasoff*: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See *Anastasoff v. United States*, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, *Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647.

Courts are under a duty to examine the pro se's petition to determine if the allegations provide for relief on any possible theory." *Conner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). Furthermore, if there is any possible theory that would entitle the plaintiff to relief, even one that the plaintiff hasn't thought of, the court cannot dismiss this case. *Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). More importantly, judges and courts must give pro se's wide latitude and **cannot dismiss an action if there is any valid cause that they can see, even if you are not pointing out the right law and presenting it well.**
(Emphasis Added)

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages, costs, and such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable

Respectfully Submitted,
*/s/Rochelle Daniel*
/s/Rochelle Daniel
19750 Braile
Detroit, MI 48219
(248) 247-6444
millicentdaniel@yahoo.com

March 10, 2015

Case 2:15-cv-10956-MAG-MKM ECF No. 1, PageID.10 Filed 03/12/15 Page 10 of 15

**EXHIBIT 1**



**Experian**

Prepared for: ROCHELLE DANIEL
Date: April 29, 2013
Report number: 2765-1732-65

Page 10 of 14

### Record of requests for your credit history

We make your credit history available to your current and prospective creditors and employers as allowed by law. Experian may list these inquiries for up to two years.

#### Inquiries shared with others

The section below lists all of the companies that have requested your credit information as a result of an action you took, such as applying for credit or financing or as a result of a collection. The inquiries in this section are shared with companies that receive your credit history.

Examples of inquiries shared with others include:
- a real estate loan
- a home mortgage loan
- an auto loan
- an application for credit

**ASSET ACCEPTANCE**
PO BOX 1630
WARREN MI 48090
(800) 614-4230
Address identification number:
0199425196

Date
Jan 31, 2013
Reason
Credit card. This inquiry is scheduled to continue on record until Feb 2015.

#### Inquiries shared only with you

You may not have initiated the following inquiries, so you may not recognize each source. We report these requests to you only as a record of activities, and we do not include any of these requests on credit reports to others.

We offer credit information about you to those with a permissible purpose, such as:
- other creditors who want to offer you preapproved credit;
- an employer who wishes to extend an offer of employment;
- a potential investor in assessing the risk of a current obligation;
- Experian Consumer Assistance to process a report for you;
- your current creditors to monitor your accounts (date listed may reflect only the most recent inquiry).

**These inquiries DO NOT affect your credit score.**



0040397851

10

EXHIBIT 2

Consumer Credit Report for ROCHELLE M. DANIEL                Page: 5 of 6

File Number: 310417078   Date Issued: 05/03/2013

Inquiry Type: Individual

Inquiry Type: Individual

Inquiry Type: Individual

Inquiry Type: Individual

Inquiry Type: Individual

Inquiry Type: Individual

Inquiry Type: Individual



**ASSET ACCEPTANCE** ( 28405 VAN DYKE, WARREN, MI 48090, Phone number not available )
Requested On: 12/26/2012

**ASSET ACCEPTANCE LLC** ( 28405 VAN DYKE, WARREN, MI 48090, Phone number not available )
Permissible Purpose: COLLECTION
Requested On: 11/03/2012

To dispute online go to: http://transunion.com/disputeonline

P 2040O-002 00741-1086737 07/10

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

County in which action arose WAYNE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

### I. (a) PLAINTIFFS
ROCHELLE DANIEL

**(b)** County of Residence of First Listed Plaintiff  WAYNE
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

### DEFENDANTS
ASSET ACCEPTANCE LLC and MIDLAND FUNDING LLC et a

County of Residence of First Listed Defendant  MACOMB
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District (specify) ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FDCPA 15 U.S.C. § 1692 et seq., FCRA 15 U.S.C. § 1681 et seq
Brief description of cause:
Defendants' either pulled my credit report impermissibly or failed to cease debt collection, both lacked a standing to file debt collection suits.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 3,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  DOCKET NUMBER

DATE March 10, 2015
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

# PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☒ Yes  ☐ No

   If yes, give the following information:

   Court: 36th District Court

   Case No.: 14-103582 AND 14-115572

   Judge: Demetria Brue AND Donna R. Milhouse

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :

[ Save ]  [ Print ]  [ Reset ]  [ Exit ]





K. Ramer
19750 Braile
Detroit MI 48219

New
JPP Cmp

United States District Court
Eastern District of Michigan
231 W. Lafayette
Detroit MI 48226
Attn: Court Clerk

RECEIVED
MAR 12 2015
CLERK'S OFFICE
DETROIT