UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE DANIEL,

                Plaintiff,                            Civil Action No. 15-CV-10956

vs.                                          HON. MARK A. GOLDSMITH

MIDLAND FUNDING, LLC, et al.,

                Defendants.

_____/

**OPINION AND ORDER**
**(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkts. 47, 49), (2) ACCEPTING THE**
**RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION (Dkt. 46), (3) GRANTING DEFENDANTS' MOTION FOR**
**JUDGMENT ON THE PLEADINGS (Dkt. 26), and (4) DENYING PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (Dkt. 27)**

Plaintiff Rochelle Daniel, proceeding <u>pro se</u>, brought this case pursuant to the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 <u>et seq.</u>, and the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681 <u>et seq.</u>, against Defendants Midland Funding, LLC ("Midland")

and Asset Acceptance LLC ("Asset") alleging violations of both statutes in addition to state tort

claims.  The matter was referred to Magistrate Judge Mona K. Majzoub and is before the Court

on a Report and Recommendation ("R&R") (Dkt. 46) recommending that Defendants' motion

for judgment on the pleadings (Dkt. 26) be granted and Plaintiff's motion for leave to file an

amended complaint (Dkt. 27) be denied.  Plaintiff filed objections to the R&R (Dkts. 47, 49), and

Defendants filed a response (Dkt. 50), to which Plaintiff submitted a reply (Dkt. 51).[1]  As

explained below, the Court overrules Plaintiff's objections and accepts the recommendation

---

[1]   The docket entries for Plaintiff's objections appear to be duplicative of one another; one
appears to have been filed electronically while the other was filed by mail.

contained in the Magistrate Judge's R&R.  Accordingly, Defendants' motion is granted and Plaintiff's motion is denied.

## I. BACKGROUND

The factual background is adequately set forth in the Magistrate Judge's R&R and need not be repeated here.  However, the Court will briefly outline the claims asserted in Plaintiff's complaint and the manner in which the Magistrate Judge recommends disposing of those claims.

Count One alleges Midland violated the FDCPA when it continued its collection efforts against Plaintiff, by filing a debt-collection lawsuit in state court, without first verifying the debt that Plaintiff had properly disputed under the statute.  Compl. ¶¶ 44-46 (Dkt. 1).  Counts Two and Three allege that Asset willfully and negligently violated the FCRA when, on three separate occasions, it obtained Plaintiff's credit report without a permissible purpose.  Id. ¶¶ 47-48. Count Four asserts a claim for intrusion upon seclusion, stating that Asset, in obtaining her credit report without a permissible purpose, intentionally intruded upon Plaintiff's reasonable expectation of privacy in those reports, because there was no legitimate business need for Asset to obtain them.  Id. ¶¶ 49-54.[2]  Count Five alleges that both Midland and Asset engaged in malicious prosecution against Plaintiff when each filed its respective debt-collection lawsuit in state court, fully aware that the state court lacked jurisdiction over the lawsuits because a plaintiff (i.e., the instant Defendants) cannot maintain a debt-collection action when it has not properly verified the debt following a debtor's notice of dispute under the FDCPA.  Id. ¶¶ 55-60.

The Magistrate Judge determined that certain claims against Asset — the FDCPA claim, the FCRA claims, and the intrusion-upon-seclusion claim — were all barred by Michigan's res judicata doctrine, on the grounds that the claims were or could have been asserted as

_____

[2] Count Four is mislabeled as Count Six in the complaint.

2

counterclaims in Asset's debt-collection action. R&R at 10.[3] As for the malicious prosecution claim against Asset, the Magistrate Judge was unaware of any authority suggesting that an alleged FDCPA violation divests a court of subject matter jurisdiction over a related debt-collection lawsuit; therefore, she recommended that the claim failed as a matter of law. Id. at 11-12. The Magistrate Judge concluded alternatively that the malicious prosecution claim failed on the merits, because Plaintiff did not sufficiently plead the necessary elements. Id. at 12.

Regarding Plaintiff's claims against Midland, the Magistrate Judge determined that three of the four actions that could amount to FDCPA violations, as described in the complaint, fell outside the FDCPA's one-year statute of limitations, as the March 12, 2015 complaint was filed over a year after those violations are reported to have taken place. Id. at 12-13. The Magistrate Judge further concluded that the remaining FDCPA claim failed as a matter of law, because Midland provided Plaintiff with adequate verification of the disputed debt in the form of credit card statements that contained Plaintiff's personal and account information, as well as the original creditor's contact information. Id. at 14. The Magistrate Judge also determined that Plaintiff's malicious prosecution claim against Midland failed for the same reason it could not be maintained against Asset — an FDCPA violation does not divest a court of jurisdiction over a debt-collection lawsuit — but also because a necessary element, that the prior proceeding terminated in the claimant's favor, could not be satisfied, as Midland, not Plaintiff, was the prevailing party in the earlier lawsuit. Id.

The Magistrate Judge also addressed Plaintiff's motion for leave to file an amended complaint, observing that because the amended complaint was filed in response to Defendants' motion for judgment on the pleadings — a motion filed pursuant to Federal Rule of Civil

---

[3] Although Count One does not specifically allege that Asset violated the FDCPA, the Magistrate Judge seems to have construed the complaint as asserting such a claim against Asset based on the factual allegations regarding Asset in Plaintiff's complaint.

Procedure 12(c), not Rule 12(b) — Plaintiff's amendment must be with the opposing party's consent or by leave of the Court. R&R at 7-8. The Magistrate Judge further noted that the proposed amended complaint sought to "add new and additional factual allegations to support [Plaintiff's] existing claims, FCRA and intrusion upon seclusion claims against Defendant Midland, and two additional causes of action against both Defendants" of negligence/gross negligence and negligent training and supervision. Id. at 15. The Magistrate Judge concluded that these new claims could not withstand a motion to dismiss, making the proposed amendments futile. Id. Specifically, the Magistrate Judge found that the additional claims against Asset would also be barred by res judicata, and that the claims against Midland were all dependent upon the success of Plaintiff's FDCPA claim, which failed on the merits. Id. Accordingly, the Magistrate Judge recommended Plaintiff's motion be denied. Id.

## II. ANALYSIS

The R&R sufficiently explains the standard of decision; accordingly, the Court need not repeat it here.[4] The Court reviews de novo those portions of the R&R to which Plaintiff has objected. 28 U.S.C. § 636(b)(1).

### A. Objection One

Plaintiff first objects to the Magistrate Judge's conclusion that res judicata bars her FDCPA claim against Asset. Obj. at 6. As set forth by the Michigan Supreme Court:

> The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action. The doctrine bars a second,

---

[4] Plaintiff seemingly suggests that the Magistrate Judge converted Defendants' motion into one for summary judgment, and that Plaintiff was not given an adequate opportunity to present all material relevant to such a motion. See Obj. at 5. However, there is no indication that the Magistrate Judge's review exceeded the permissible scope for a Rule 12(c) motion. While the Magistrate Judge did refer to materials outside the pleadings, these were materials that may be considered in disposing of a motion for judgment on the pleadings, such as matters of public record and documents referenced in the complaint and central to Plaintiff's claims. See R&R at 6.

> subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. This Court has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not.

Adair v. State, 680 N.W.2d 386, 396 (Mich. 2004) (internal citations omitted). Here, it is undisputed that Plaintiff filed a counterclaim in Asset's debt-collection action alleging the same FDCPA violation she seems to assert in this Court. Compl. ¶ 30. That claim was dismissed with prejudice by the state court. Id. ¶ 31.

Despite this adjudication on the merits, which Plaintiff concedes is an adjudication on the merits, Plaintiff argues that the first element of res judicata — prior decision on the merits — is actually lacking, because the court in which her FDCPA counterclaim was brought (the 36th District Court) lacked jurisdiction over Asset's initial lawsuit. Obj. at 6-7. With no jurisdiction, Plaintiff argues, the court could not have validly entered an order dismissing her counterclaim with prejudice. Id. Plaintiff grounds the 36th District Court's purported lack of jurisdiction on (i) Asset's alleged preexisting FDCPA violation, and (ii) the fact that the 36th District Court "is a small claims court vested with extremely limited jurisdiction" and cannot "adjudicate a federal question under the FDCPA." Id. Both grounds are without merit.

First, as the Magistrate Judge pointed out, Plaintiff has presented this Court with no authority that an FDCPA violation divests a court from a lawsuit seeking to collect on a debt. See R&R at 11. An FDCPA violation may well be relevant to the merits of a debt-collection action, but the merits do not bear on a court's power to entertain the debt-collection action in the first place. Second, the FDCPA specifically contemplates that courts other than federal district courts may hear claims arising under it, see 15 U.S.C. § 1692k(d), and Plaintiff makes no

argument as to why the 36th District Court is not a "court of competent jurisdiction" under the statute. Accordingly, this first objection is overruled.[5]

### B. Objection Two

Plaintiff next attacks the Magistrate Judge's conclusion that Plaintiff's FCRA and intrusion-upon-seclusion claims against Asset are dependent upon the success of her FDCPA claim, and therefore they could have been, but were not, raised in state court, rendering them barred by <u>res judicata</u>. Obj. at 7. The Magistrate Judge did not fully explain why these claims are dependent upon the success of Plaintiff's FDCPA claim, such that they should have been raised as counterclaims in the earlier state court action. <u>See</u> R&R at 10. Regardless, these claims fail on the merits.

Plaintiff's objections with respect to the FCRA and intrusion-upon-seclusion claims appear two-fold: first, that Asset lacked a permissible purpose to pull Plaintiff's credit report because it did not have "ownership[ ] or authority to collect on the debt"; and, second, that Asset lacked a permissible purpose because it failed to provide to Plaintiff, upon her request, "the original documentation of the account, its ownership, and Asset's authority to collect on [the account]." <u>See</u> Obj. at 7.[6]

---

[5] Even if Plaintiff's FDCPA claim was not barred by <u>res judicata</u>, it is barred by the FDCPA's one-year statute of limitations, as Plaintiff's lawsuit was filed on March 12, 2015, more than a year after any of the events that could have triggered FDCPA liability. <u>See</u> Compl. ¶ 13 (1/4/2014); <u>id.</u> ¶ 26 (2/13/2014).

[6] Plaintiff also asserts arguments related to Asset's responses to Plaintiff's discovery requests. <u>See</u> Obj. at 8. Given that Defendants are currently moving for judgment on the pleadings, it is unclear to the Court why these responses are relevant. And to the extent that Plaintiff argues that the discovery responses further demonstrate that Asset lacked actual authority to collect on the debt, as explained above, the Court rejects that Asset's authority to collect, or lack thereof, is pertinent to whether it could permissibly obtain Plaintiff's credit report.

The relevant portion of the FCRA states that a consumer reporting agency may furnish a consumer report "[t]o a person which it has reason to believe . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer."  15 U.S.C. § 1681b(a)(3)(A); see also id. § 1681b(f) (prohibiting a person from using or obtaining a consumer report unless it is obtained for an authorized purpose and that purpose is certified to the provider of the report).  These provisions show the fatal flaws in Plaintiff's arguments.

First, actual ownership or authority to collect on a debt is not necessary for a debt collector to permissibly obtain a credit report; for example, it is permissible for potential debt buyers to obtain a credit report to determine whether it will purchase the debt.  See Daniel v. Equable Ascent Fin., LLC, No. 14-11117, 2014 WL 5420058, at *2 (E.D. Mich. Oct. 22, 2014) (citing 15 U.S.C. § 1681b(a)(1)(3)(E)), aff'd, 2015 WL 10739402 (6th Cir. Sept. 16, 2015).  Thus, Plaintiff's argument that "[t]he mere fact that Asset is in the business of debt collection is insufficient to accept the notion that a permissible purpose exists when its right to collect on the debt doesn't," Obj. at 9, is simply untrue.[7]

In any event, the dates on which Asset obtained Plaintiff's report — November 3, 2012; December 20, 2012; and January 31, 2013 — all pre-date or coincide with Asset's collection efforts, namely, the initial December 21, 2012 collection letter to Plaintiff and Plaintiff's January 2, 2013 letter to Asset disputing the debt and requesting validation.  See Compl. ¶¶ 10, 11, 17,

---

[7] The cases on which Plaintiff relies for this proposition are not on point.  See Obj. at 9.  For instance, in Cox v. Hilco Receivables, L.L.C., 726 F. Supp. 2d 659, 666 (N.D. Tex. 2010), the question was whether a debt collector's representation that a debt was owed was a false representation or a deceptive means of debt collection within the meaning of the FDCPA.  There is no indication that a FCRA claim was asserted in that case.

19.  Indeed, Asset's December 21, 2012 letter explicitly stated that it had purchased Plaintiff's past-due account from the original creditor and was attempting to collect on that account.  Id. ¶ 10.  The fact that the consumer reports were pulled contemporaneously with Asset's other collection efforts shows intent to use the reports for debt purchase and/or collection.  Accordingly, Asset had a permissible purpose under FCRA in obtaining and using Plaintiff's credit reports, and Plaintiff's FCRA claims fail on the merits.

Plaintiff's second argument also fails.  The mere fact that Asset failed to validate a disputed debt in accordance with the FDCPA does not render Asset's original purpose for obtaining the report — governed by the FCRA, an entirely different statute — unlawful.[8]

Plaintiff's intrusion-upon-seclusion claim is predicated on Plaintiff's FCRA claim; that is, Plaintiff asserts her privacy was intruded upon because Asset had no legitimate business need for the report and therefore had no permissible purpose to obtain the report.  Compl. ¶¶ 50-51.  However, because Plaintiff has not plausibly pleaded a FCRA violation, she cannot plausibly plead that her privacy was intentionally intruded upon, and her intrusion-upon-seclusion claim is without merit, as well.

Plaintiff's second objection is overruled.

---

[8] In her objections, Plaintiff also suggests that Asset's January 31, 2013 pull of Plaintiff's credit report may have constituted collection activity under the FDCPA — activity that she asserts Asset was prohibited from taking because it failed to validate the debt upon Plaintiff's dispute.  Obj. at 9.  However, this claim is not clearly presented in Plaintiff's complaint.  Indeed, it is not even presented in Plaintiff's proposed amended complaint that is the subject of her motion for leave to file; rather, she continues to focus on the actual filing of the state court lawsuits.  See Proposed Am. Compl. ¶¶ 57-60 (Dkt. 27-1).  Regardless, the one-year statute of limitations expired by the time Plaintiff filed this lawsuit, so such a claim, even if asserted, would be time-barred.

### C.  Objection Three

In her third objection, Plaintiff appears to challenge the Magistrate Judge's conclusion that Plaintiff cannot collaterally attack the 36th District Court's exercise of jurisdiction over her FDCPA claim, by arguing that a void order can be attacked at any time.  Obj. at 11-12.  In so doing, Plaintiff continues to assert that the 36th District Court lacked subject matter jurisdiction over her FDCPA counterclaim, making the order dismissing her counterclaim with prejudice void and without preclusive effect.  Id.  However, as stated above, Plaintiff has failed to demonstrate that the 36th District Court was without jurisdiction to adjudicate her FDCPA counterclaim.  Because the assumption underlying this objection is erroneous, the entire objection is without merit and is overruled.[9]

### D.  Objections Four and Five

These two objections challenge the Magistrate Judge's conclusion that Plaintiff's malicious prosecution claim against Asset fails on the merits.  Obj. at 12-13.  The Magistrate Judge determined that Plaintiff had failed to plead the necessary elements, specifically noting that the central premise of the claim — that Asset commenced the debt-collection lawsuit despite its purported knowledge that the state court lacked jurisdiction over any such lawsuit — is faulty.  R&R at 11-12; see also Compl. ¶¶ 57-58.

---

[9] Moreover, the case law on which Plaintiff relies for the proposition that an order is void for want of subject matter jurisdiction is dated, and does not appear to reflect the current governing law.  Compare Old Wayne Mut. Life Ass'n v. McDonough, 204 U.S. 8 (1907) and Elliott v. Peirsol's Lessee, 26 U.S. 328 (1828), with Kontrick v. Ryan, 540 U.S. 443 (2004) and Travelers Indemnity Co. v. Bailey, 557 U.S. 137 (2009).  Moreover, the Michigan case on which Plaintiff relies, Fritts v. Krugh, 92 N.W.2d 604 (Mich. 1958), was subsequently overruled by In re Hatcher, 505 N.W.2d 834, 842-843 (Mich. 1993) ("Our ruling today severs a party's ability to challenge a probate court decision years later in a collateral attack where a direct appeal was available.").

The elements of a malicious prosecution claim are: (i) that the prior proceeding terminated in favor of the instant plaintiff; (ii) an absence of probable cause for the prior proceeding; (iii) malice, meaning "a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based"; and (iv) a special injury.  Friedman v. Dozorc, 312 N.W.2d 585, 603 (Mich. 1981).  It is this second element the Magistrate Judge in particular found lacking.  R&R at 12.

Plaintiff's objection largely depends on her entrenched position that the state court lacked jurisdiction over Asset's debt-collection lawsuit, arguing that lack of probable cause can be inferred from Asset's "knowledge that its claim had no legal basis due to its failure to comply with § 1692g(b)."  Obj. at 13.  Again, the logic is faulty.  Nothing suggests that a would-be litigant's failure to comply with the validation requirements of the FDCPA divests a court of jurisdiction to hear any subsequent debt-collection lawsuit.  Plaintiff also argues that lack of probable cause can be inferred because Asset "lacked the necessary proof of ownership or authority to collect on the account."  Id.  The complaint does assert that "Asset . . . filed the complaint without the means of the debt-collection action."  Compl. ¶ 56.  However, assuming that Plaintiff means that Asset filed the lawsuit without the actual authority to collect on the debt, this is a legal conclusion not borne out by any factual allegations in her complaint.

Additionally, Plaintiff also failed to plead a special injury as required by Michigan law. "Michigan courts recognize three types of special injury: injury to fame, to property, and to person or liberty."  Partrich v. Farber, 448 F. App'x 526, 528 (6th Cir. 2011).  Plaintiff's complaint does not allege any such injury; rather, she asserts only that she "suffered mental anguish, stress, and loss of costs and time from having to defend the lawsuits."  Compl. ¶ 60. Accordingly, Plaintiff failed to sufficiently plead a malicious prosecution action.

### E.  Objection Six[10]

This objection challenges the Magistrate Judge's conclusion that, because Midland sufficiently verified the debt upon Plaintiff's dispute, Plaintiff's remaining and not time-barred FDCPA claim against Midland fails on the merits.  Obj. at 14.  In her objection, Plaintiff emphasizes that the FDCPA permits consumers to dispute not just the debt itself, but any portion thereof; accordingly, Plaintiff argues that verification requires more than bare assertion of a balance owed, but, rather, demands an itemized account detailing the transactions that led to the debt.  Id.

Yet Plaintiff acknowledges that after her second notice of dispute Midland provided her with 18 credit card statements, which itemize the transactions that led to the debt according to fees, interest, credits for prior payments, purchases, and finance charges.  Id. at 15.  Her complaint with Midland, rather, is that those 18 statements purportedly do not add up to the balance on which Midland was trying to collect, the same balance reflected on the most recent credit card statement.  Id.  Plaintiff relies on Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC, 758 F.3d 777 (6th Cir. 2014), to assert that Midland's attempts to collect on this alleged excess amount, without explaining or verifying the source of that amount, is a violation of the FDCPA.  Obj. at 15.

Plaintiff's reliance on Haddad is misplaced, because there, after receiving the itemized statement, the debtor continued to dispute a portion of the debt that remained unverified; here, however, there is no indication that Plaintiff continued to dispute that alleged excess portion of the debt that she disputes now.  Specifically, in Haddad, the consumer disputed the debt with the collector, who then provided the consumer with an itemized accounting.  Haddad, 758 F.3d at 785.  Upon receiving this initial itemized accounting, the consumer further disputed a portion of

---

[10] This is labeled as Objection #7 in Plaintiff's objections.  Obj. at 14.

the debt (an unexplained carryover of $75), and the collector returned a second itemized accounting to the consumer, this time containing an unexplained carryover of $50.  Id.  The consumer again disputed the $50 charge, but, instead of verifying or explaining the source of that disputed charge, the debt collector filed a lien on the consumer's condominium.  Id.  This failure to verify while continuing to attempt to collect on the debt constituted an FDCPA violation.  Id. at 786.

Here, Plaintiff disputed a portion of the credit card debt to Midland and received in return the 18 itemized credit card statements.  Compl. ¶¶ 39-40.  While the complaint claims that the verification "did not show all charges, debits, or credits that would permit [Plaintiff] or a court to calculate the balance claimed to be due," id. ¶ 40, there is no indication in the complaint that Plaintiff, like the consumer in Haddad, further disputed any portion of that debt to Midland prior to Midland's commencement of the August 18, 2014 debt-collection action.  Thus, Midland did not continue collection efforts after receiving a dispute over a charge and failing to verify that charge.

Moreover, as the Magistrate Judge concluded, Midland's verification of the debt in the form of those 18 itemized credit card statements permitted Plaintiff to "sufficiently dispute the payment obligation."  Haddad, 758 F.3d at 785.  The statements provided an explanation of the source of the debt and when it was incurred, including the dates and nature of the transactions. See generally Credit Card Statements, Ex. D to Defs. Mot. (Dkt. 26-5).  Indeed, most recently Plaintiff has provided a specific calculation of the debt and isolated a subset of that debt that she claims is unverified.  Obj. at 15.  This makes more than clear that the verification was in compliance with the statute, as interpreted by Haddad.  Accordingly, Plaintiff's claim that

Midland's August 18, 2014 debt-collection lawsuit violated the FDCPA fails as a matter of law.[11]

In this objection, Plaintiff also summarily asserts that her claims against Midland are not barred by the FDCPA's one-year statute of limitations or res judicata, and that her malicious prosecution claim survives because Midland's state court judgment was the result of a misrepresentation to that court. Id. at 16.  Given the absence of developed argumentation on these points, these objections are waived.  See McPherson v. Kelsey, 125 F.3d 989, 995-996 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").[12]

In her reply, however, Plaintiff elaborates that, because the FDCPA violations were "continuing violations," the statute of limitations did not begin to run until the wrong had been concluded, which Plaintiff seems to suggest was in August 2014, when Asset's lawsuit (including Plaintiff's counterclaim) was dismissed with prejudice and when Midland filed its

---

[11] In her objections Plaintiff claims to have also disputed the debt on August 10, 2015.  Obj. at 15.  However, this "dispute" occurred well after not just the institution of Midland's lawsuit, but also the disposition of that lawsuit, see 5/5/2015 36th District Court Order, Ex. C to Defs. Mot. (Dkt. 26-4).  Further, the "dispute" is actually a discovery request in connection with the instant federal lawsuit.  Thus, the Court does not understand the relevance of this "dispute" or discovery request to the question of whether Midland sufficiently verified the debt prior to commencing the debt-collection lawsuit.

[12] Regardless, given the Court's holding that Plaintiff's non-time barred FDCPA claim against Midland fails on the merits, it does not reach Defendants' res judicata argument.  Furthermore, Plaintiff's malicious prosecution claim fails against Midland for the same reason it fails against Asset.  She failed to plead required elements including (i) that the prior proceeding was resolved in her favor (rather, Midland prevailed in that lawsuit); (ii) that Midland lacked probable cause to pursue the lawsuit; (iii) malice; and (iv) that Plaintiff suffered a special injury.  See Compl. ¶¶ 55-60.  Any argument that the 36th District Court lacked jurisdiction over Midland's suit because of the alleged FDCPA violation is unpersuasive and does not undermine the Court's conclusion on this point.

lawsuit.  Pl. Reply at 1-2 (Dkt. 51).  As to Asset, Plaintiff's FDCPA claim is barred by <u>res judicata</u>, not by the statute of limitations.  Generally speaking though, and to Midland specifically, the "continuing violations" doctrine is inapplicable.  Indeed, "each 'failure to cease' collection activity without having validated the debt . . . presents a discrete claim for violation of the FDCPA such that only those collection activities taken outside the limitations period would be time-barred."  <u>Purnell v. Arrow Fin. Servs., LLC</u>, 303 F. App'x 297, 304 (6th Cir. 2008) (per curiam); <u>see also</u> <u>Michalak v. LVNV Funding, LLC</u>, 604 F. App'x 492, 493 (6th Cir. 2015) (mem) ("[E]ach dunning letter may constitute a separate violation of the FDCPA.").  Therefore, those violations alleged to have occurred prior to March 2014, Compl. ¶¶ 34-40, are discrete acts subject to the one-year statute of limitations, and are time-barred.

### F.  Objection Seven[13]

This last objection addresses the Magistrate Judge's recommendation that Plaintiff's proposed amended complaint would be futile, and therefore should be denied.  Obj. at 16.

In this objection, Plaintiff first argues that "<u>res judicata</u> is inoperable in these instances" to bar her claims against Asset.  <u>Id.</u>  It seems that the specific assertions that lead Plaintiff to this conclusion rehash prior points Plaintiff made and are either rejected or deemed not relevant in this decision.[14]  With regard to her existing claims, as stated above, <u>res judicata</u> bars the instant

---

[13] This objection is labeled as Objection #8 in Plaintiff's objections.  Obj. at 16.

[14] <u>See id.</u> at 16 (claiming: (i) Asset was prohibited from continuing debt-collection efforts; (ii) Asset "lacked ownership and the authority to collect on the debt, therefore, it did not have a standing to invoke the processes of the state court to issue a release order"; (iii) the state court lacked jurisdiction to adjudicate the FDCPA claim; (iv) the amount in controversy for Plaintiff's FDCPA claims, FCRA claims, the intrusion-upon-seclusion claim, and the malicious prosecution claim exceed the jurisdictional threshold of the 36th District Court and could not be brought in that proceeding; and (v) Asset's unlawful debt collection practices did not trigger any compulsory counterclaim requirement).

FDCPA claim, and Plaintiff's remaining claims against Asset fail on the merits. Plaintiff has not presented any new or additional factual allegations that would result in a different outcome.

As for Plaintiff's proposed additional claims against Asset, these claims would not survive a motion to dismiss. First, it appears that Plaintiff has added a new FDCPA claim against Asset, stemming from a March 6, 2014 payment-demand letter that was sent after Asset filed its debt-collection action. See Proposed Am. Compl. ¶ 27 (Dkt. 27-1). However, that letter falls outside the one-year statute of limitations, even if just barely. See Compl. (filed March 12, 2015). Therefore, that FDCPA claim is time-barred. Moreover, this alleged violation occurred prior to the filing of Plaintiff's counterclaim against Asset for FDCPA violations, see Asset Docket, Ex. A to Defs. Mot., at 2 (Dkt. 26-2) (counterclaim received on June 5, 2014); thus, to the extent Plaintiff pursued this violation in state court, res judicata would bar this claim as well. Plaintiff's negligence/gross negligence and negligent supervision/training claims also arise out of Asset's debt-collection action and/or efforts. Proposed Am. Compl. ¶¶ 82-95. These claims could have been raised in the prior state court action and resolved. Accordingly, they are barred by res judicata. And, even if they were not barred by res judicata, Plaintiff released Asset from all liability with regard to the debt-collection lawsuit. See Asset Docket at 2. Plaintiff's negligent supervision/training claim fails for another reason: it consists of threadbare legal recitations of the claim, Proposed Am. Compl. ¶¶ 91-95, and the complaint does not contain any factual allegations to support those legal conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

As to Midland, Plaintiff asserts that her current FDCPA and malicious prosecution claims are supported because Midland obtained a false judgment in state court because it was precluded from taking any further collection activity after failing to adequately verify the credit card debt.

Obj. at 16. However, as already explained, Midland sufficiently verified the debt; therefore, its subsequent debt-collection action was not unlawful.

Plaintiff further contends that her proposed amended complaint "adds new causes of action based on Midland's impermissible pulled [sic] of [her] credit report, for negligence, for negligence training and supervision, as demonstrated in Defendants' unfair and illegal practices in collection, [and] should, therefore, be granted." Id. at 17. General objections to a magistrate judge's report or order, without identifying or explaining specific issues of contention or sources of error, are insufficient to trigger this Court's review. See Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508-509 (6th Cir. 1991); Watkins v. Tribley, No. 09-cv-14990, 2011 WL 4445823, at *1 (E.D. Mich. Sept. 26, 2011) ("An 'objection' that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection."). Furthermore, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." McPherson, 125 F.3d at 995-996 (citations and internal quotation marks omitted). Plaintiff's final point is not a cognizable objection, and does not attempt to spell out why Plaintiff's newest claims against Midland would not be futile, either because the claims could have been raised in state court and are thus barred by res judicata, or because Midland complied with the FDCPA and therefore any claim predicated on an unlawful practice fails on the merits.

Accordingly, this objection is deemed waived and Plaintiff's motion for leave to amend is denied.

16

### III.  CONCLUSION

For the reasons stated above, the Court accepts the recommendation of the Magistrate Judge (Dkt. 46).  Defendants' motion for judgment on the pleadings (Dkt. 26) is granted, and Plaintiff's motion for leave to file an amended complaint (Dkt. 27) is denied.  A judgment will be entered contemporaneously with this Opinion and Order.

SO ORDERED.


                                          s/Mark A. Goldsmith_____
Dated: August 12, 2016                    MARK A. GOLDSMITH
       Detroit, Michigan                  UNITED STATES DISTRICT JUDGE


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 12, 2016.


                                          s/Marlena Williams_____
                                          Acting in the absence of Karri Sandusky
                                          Case Manager

17