UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE DANIEL,

       Plaintiff,

Case No. 15-cv-10956

v.

HON. MARK A. GOLDSMITH

MIDLAND FUNDING, LLC, et al.,

       Defendants.

_____/

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 56)**

Before the Court is Plaintiff Rochelle Daniel's motion for reconsideration (Dkt. 56), which asks the Court to reconsider its August 12, 2016 decision overruling Daniel's objections, accepting the recommendation contained in the Magistrate Judge's Report and Recommendation ("R&R"), granting Defendants' motion for judgment on the pleadings, and denying Daniel's motion for leave to file an amended complaint.  See 8/12/2016 Op. & Order (Dkt. 53).  After reviewing Daniel's motion, the Court finds no basis for reconsideration.

**I. ANALYSIS**

Local Rule 7.1(h)(3) sets forth the grounds for granting a motion for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

1

E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one "which is obvious, clear, unmistakable, manifest, or plain." Mich. Dep't of Treasury v. Michalec, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

Daniel begins by once again arguing that her claim brought pursuant to the Fair Debt and Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 et seq., against Defendant Asset Acceptance LLC ("Asset") is not barred by res judicata because the court that previously ruled on the merits of the claim, Michigan's 36th District Court, did not have jurisdiction to make such a ruling. It is well settled that "[a] motion for reconsideration or to alter or amend is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion." Gascho v. Glob. Fitness Holdings, LLC, 918 F. Supp. 2d 708, 714 (S.D. Ohio 2013). While Daniel points to her status as a pro se litigant as the reason she "failed to expound" on her argument regarding the 36th District Court's jurisdiction, this circumstance does not provide a basis for reconsideration. See Wolfel v. United States, 711 F.2d 66, 67 (6th Cir. 1983) ("[W]hile there is authority for the proposition that pleadings submitted pro se will be accorded a measure of leniency to assure that meritorious claims will not be dismissed for inartful draftmanship, there is no authority for the contention that pro se litigants are entitled to a more lenient application of substantive law." (emphasis in original)); see also Rodriques v. Delta Air Lines, Inc., No. 14-CV-12707, 2015 WL 10635525, at *2 n. 1 (E.D. Mich. May 18, 2015), aff'd sub nom. 644 F. App'x 629 (6th Cir. 2016) (denying motion for reconsideration where the plaintiff sought to expand on issue already litigated).

Even if Daniel's argument was properly before this Court, it is still without merit. As noted in this Court's prior opinion and order, 15 U.S.C. § 1692k(d) states that a FDCPA claim "may be brought in any appropriate United States district court without regard to the amount in controversy,

or in any other court of competent jurisdiction." (emphasis added).  Daniel argues Michigan's district courts "may only hear cases arising out landlord-tenant matters, most traffic tickets, and all misdemeanors criminal cases."  Pl. Mot. at 4.  This is incorrect.  Michigan law provides that "[t]he district court has exclusive jurisdiction in civil actions when the amount in controversy does not exceed $25,000."  Mich. Comp. Laws 600.8301(1).  Daniel does not allege that her FDCPA claim exceeded $25,000.  As a result, the district court had jurisdiction to rule on the merits of Daniel's claim.  Because the court made its ruling, her claim is barred by res judicata.  See Adair v. State, 680 N.W.2d 386, 396 (Mich. 2004) (res judicata bars a "subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.").[1]

Daniel next argues that the Court erred in affirming the magistrate judge's recommendation that her proposed amended complaint be denied because it would be futile.  Specifically, Daniel argues that the Court erred in holding that her negligence/gross negligence and negligent supervision/training claims are barred by res judicata.  She notes that, in her proposed complaint, she requests $150,000 from each Defendant, thus exceeding the district court's jurisdictional limit.  She argues that because she could not have brought these claims in the district court, they are not barred by res judicata.

There is some authority under Michigan law that a failure to bring a counterclaim exceeding the district court's jurisdictional limit does not prohibit bringing the claim in a subsequent proceeding.  See e.g. Karakas v. Dost, 240 N.W.2d 743, 748 (Mich. Ct. App. 1976).

---

[1] Daniel also argues that her FDCPA claim is not barred by the one year statute of limitations because Asset violated the statute on August 8, 2014 when it requested a release of liability from the 36th District Court.  Because the Court has already ruled that Daniel's FDCPA claim against Asset fails because of res judicata, it need not address this argument.

3

However, the Court found that res judicata was not the only basis to dismiss Daniel's negligence/gross negligence and negligent supervision/training claims. The Court held that "even if [Daniel's claims] were not barred by res judicata, Plaintiff released Asset from all liability with regard to the debt-collection lawsuit." See 8/12/2016 Op. & Order at 15. The Court also noted that Daniel's negligent supervision/training claim "fails for another reason: it consists of threadbare legal recitations of the claim . . . and the complaint does not contain any factual allegations to support those legal conclusions." Id.

Daniel next asks the Court to reconsider its ruling that Defendant Midland Funding, LLC ("Midland") properly verified Daniel's debt prior to filing suit in state court. Daniel once again argues that the 18 credit card statements provided by Midland "did not show charges, debits, or credits that would permit . . . a court to calculate the amount due." Pl. Mot. at 6. However, as noted in the Court's previous opinion and order, the itemized statements provided Daniel with an explanation of the source of the debt and when it was incurred, including the dates and nature of the transactions, as required by 15 U.S.C. § 1692g(b). See 8/12/2016 Op. & Order at 12; see generally Credit Card Statements, Ex. D to Defs. Mot. (Dkt. 26-5). While Daniel now argues that she continued to dispute a portion of the debt even after these statements were provided, she acknowledges that her subsequent requests for further verification were not filed until September 2, 2014, and October 6, 2014, both of which were after Midland's suit was commenced on August 18, 2014. Therefore, Midland's debt-collection suit was permissible because it was filed after it verified Daniel's debt, in accordance with the FDCPA.[2]

---

[2] Daniel also argues that the Court erred in denying leave to file an amended complaint alleging Midland's violations of the FDCPA. However, these claims would be futile because, as noted above, Midland complied with the requirements of the FDCPA by properly verifying the debt. Regarding Daniel's proposed negligence claims against Midland, she has not demonstrated how

4

## II. CONCLUSION

Because Daniel has failed to identify a palpable defect by which this Court has been misled, the Court denies her motion for reconsideration (Dkt. 56).

SO ORDERED.


Dated: July 24, 2017                                         s/Mark A. Goldsmith
     Detroit, Michigan                                       MARK A. GOLDSMITH
                                                             United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 24, 2017.

                                                             s/Karri Sandusky
                                                             Case Manager

---

the Court erred in ruling that she waived any objection to the magistrate judge's recommendation that those claims be dismissed. As a result, there is no basis for reconsideration.

5